**Ramon GARCIA, Petitioner—Appellant,**

v.

**Cal TERHUNE, Director of the California Department of Corrections, Respondent—Appellee.**

No. 03–15258.

D.C. No. CV–00–00483–MCE/GGH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.*

Decided Dec. 4, 2003.

Robert Derham, San Anselmo, CA, for Petitioner–Appellant.

Gregory A. Ott, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

MEMORANDUM**

Ramon Garcia appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254(a). We affirm.

Although there is no question that juror misconduct occurred, we cannot say that it had a substantial and injurious effect on the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *United States v. Saya,* 247 F.3d 929, 937 (9th Cir.2001) (noting factors to consider). Following an evidentiary hearing, the district court found that exposure to the dictionary definition was limited, that several jurors said that considering it would be contrary to the instructions, that after that the definition was not mentioned again in deliberations, and that the entire jury was redirected to follow the original instructions when they asked for further guidance on malice before the verdict was returned. Further, based on the facts recited by the California Court of Appeal, the district court found that the pivotal issue at trial was who the shooter was, and that at least implied malice was a foregone conclusion. These findings are not clearly erroneous. *Killian v. Poole,* 282 F.3d 1204, 1208 (9th Cir.2002) (noting standard of review of district court factual findings in habeas proceeding). Accordingly, this case differs from *Marino v. Vasquez,* 812 F.2d 499 (9th Cir.1987), where malice was disputed, a hold-out juror changed his vote in light of the extrinsic evidence, and we held that the misconduct was not harmless under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Garcia argues that his petition should have been granted even if only juror Jones read the definition, *see Sassounian v. Roe,* 230 F.3d 1097, 1110 (9th Cir.2000), but the district court found no basis to conclude that she ignored the court's admonition that the original instruction controlled.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.